IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRUCE E. BATEMAN                                                                          PLAINTIFF

V.                                            NO. 13-5217

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bruce E. Bateman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on November 14, 2011, alleging an inability to work since December 28, 2009, due to heart problems, depression, high blood pressure, right ankle problems, joint pain, swelling in his right foot, chest pains, coughing spells, high cholesterol, headaches, and sleep problems. (Tr. 117-118, 140, 144). An administrative hearing was held on March 6, 2012, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 24-54).

By written decision dated May 2, 2013, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - coronary artery disease status post bypass

surgery and hypertension. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work[1] as defined in 20 C.F.R. 404.1567(c). (Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was capable of performing past relevant work as a delivery driver/route driver, and that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who considered additional information and denied that request on August 2, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments

---

[1]Medium work. The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.
The considerable lifting required for the full range of medium work usually requires frequent bending-stooping (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward.) However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semiskilled jobs). In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.  SSR 83-10.

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

What causes the Court concern is the fact that a Medical Source Statement was completed by Dr. David Garrett, Plaintiff's treating physician, and there appears to be some dispute as to the date of the Statement. It is difficult to tell whether it is dated January 5, 2013, or June 5, 2013. Said statement was identified as Exhibit 23F, which was considered by the Appeals Council, and reflects January 5, 2013 as the date of the Statement. (Tr. 4, 5). It also appears from a review of the List of Exhibits attached to his decision that the ALJ did not have Exhibit 23F before him when he entered his decision. (Tr. 19-23). In any event, the ALJ did not discuss the Statement in his decision. However, the Appeals Council did consider the Statement, and when the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court

then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action.  See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

In the Statement, Dr. Garrett concluded that Plaintiff could frequently lift up to 20 pounds and occasionally lift up to 50 pounds; could frequently carry up to 20 pounds and occasionally carry up to 50 pounds; could sit for one hour at one time, stand 2 hours at one time, and walk 20 minutes at one time; could sit for a total of 7 hours in an 8-hour workday, stand for 7 hours in an 8 hour workday, and walk 6 hours in an 8 hour workday. (Tr. 483-485). Dr. Garrett also found certain postural and environmental limitations. (Tr. 486-487). Dr. Garrett reported that Plaintiff could shop, travel without a companion for assistance, use standard public transportation, prepare a simple meal and feed himself, and care for his personal hygiene. (Tr. 488).  As noted by Defendant, it appears that Dr. Garrett mistakenly checked "no" on the box of item VIII of the statement that asks if Plaintiff can ambulate without assistive devices. (Tr.

488). Yet, on item II of the Statement, Dr. Garrett indicated twice that Plaintiff did not use or require the use of a cane to ambulate. (Tr. 484).

More significant is the fact that in his Statement, Dr. Garrett concluded that Plaintiff could occasionally climb stairs and ramps, stoop, and kneel and could never climb ladders or scaffolds, balance, crouch or crawl because of weakness and knee pain, could never tolerate exposure to unprotected heights, moving mechanical parts, humidity and wetness, and vibrations, and could occasionally tolerate exposure operating a motor vehicle. (Tr. 486-487). No such limitations were included in the ALJ's RFC determination.

The Court cannot say how the ALJ would have weighed Dr. Garrett's Statement had it been available at the initial hearing, or that the result would have been the same. Accordingly, the Court finds that there is not substantial evidence to support the ALJ's decision, and that this matter should be remanded in order for the ALJ to consider Dr. Garrett's Statement, and to obtain any further medical records, opinions, or information he determines necessary regarding Plaintiff's ability to function in the workplace. He should then re-evaluate Plaintiff's RFC.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 18th day of September, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)