IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRUCE E. BATEMAN                                                                               PLAINTIFF

V.                                            NO. 13-5217

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT


**O R D E R**

Plaintiff, Bruce E. Bateman, appealed the Commissioner's denial of benefits to the Court. On September 18, 2014, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17).  Plaintiff now moves for an award of $3,793.54 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 19.25 attorney hours of work performed before the Court in 2013 and 2014, at an hourly rate of $185.00, and 2.75 paralegal hours of work performed in 2013 and 2014, at an hourly rate of $75.00.  Defendant filed a response to Plaintiff's request, stating that she does not object to the request.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  <u>Jackson v. Bowen</u>, 807 F.2d 127, 128 (8th Cir. 1986).

-1-

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.   Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $185.00 for 19.25 attorney hours in 2013 and 2014, and an hourly rate of $75.00 for 2.75 paralegal hours which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under §2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI-South urban, which supports an award based upon an hourly rate of $183.00 in 2013 and $185.00 in 2014.[1]  See Johnson, 919 F.2d at 505.

The Court will next address the number of hours requested by Plaintiff's counsel.

Plaintiff's counsel requests reimbursement for the following activities:

| | | |
|---|---|---|
| 10/3/13 | (Attorney hours) Received and reviewed Summonses issued by Clerk of court | .10 |
| 10/9/13 | (Attorney hours) Reviewed service letters and signed for sending | .15 |

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South) = $182.99/hour-$183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

| | | |
|---|---|---|
| 11/5/13 | (Attorney hours) Reviewed certified mail receipts and Affidavit of Service | .20 |
| 10/8/13 | (Paralegal hours) Prepare and send summonses and service letters to US office of General Counsel, US Department of Justice, and US Attorney by certified mail return receipt requested delivery to postal service. | 1.00 |

These tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Therefore, the Court will deduct .45 hours from the attorney hours for 2013 and 1 hour from the paralegal hours.

Plaintiff's attorney seeks reimbursement for 1.75 hours of paralegal time spent preparing and filing the EAJA fee request in 2014. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will deduct .75 hours from the paralegal time claimed.

Plaintiff's attorney seeks $26.04 for certified mail receipts. Postage fees are not classified as costs under § 1920, and are, therefore, recoverable under the EAJA as expenses. Accordingly, the Court finds that $26.04 is recoverable as an expense.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 2.05 attorney hours (2.50 hours less .45 hours) for work performed in 2013 at an hourly rate of $183.00 and 16.75 attorney hours for work performed in 2014 at an hourly rate of $185.00; 1 paralegal hours (2.75 hours less 1.75 hours) at an hourly rate of $75.00, plus $26.04 in expenses, for a **total attorney's fee award of $3,548.90, plus $26.04 in expenses.** This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in Astrue v.

AO72A
(Rev. 8/82)

Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 12th day of March, 2015.

                                                               /s/ *Erin L. Setser*
                                                   HONORABLE ERIN L. SETSER
                                                   UNITED STATES MAGISTRATE JUDGE